UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| MORGAN WALKOWIAK, | Case No. 2:16-cv-00823 |
| Plaintiff, | JUDGE MICHAEL H. WATSON |
| v. | MAGISTRATE JUDGE KIMBERLY A. JOLSON |
| MCKESSON MEDICAL-SURGICAL MINNESOTA SUPPLY INC., | **STIPULATED PROTECTIVE ORDER** |
| Defendant | |

The Parties to this Stipulated Protective Order, Plaintiff Morgan Walkowiak ("Plaintiff") and Defendant McKesson Medical-Surgical Minnesota Supply Inc. ("Defendant") (collectively, the "Parties"), have agreed to the terms of this Order; accordingly, it is ORDERED:

1. **Scope.** All documents produced in the course of discovery, including initial disclosures, all responses to discovery requests, all deposition testimony and exhibits, and all other materials (hereinafter collectively "documents") that contain information that has been designated as "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER," pursuant to Paragraph 4 of this Order ("Confidential Information"), or information derived directly therefrom, shall be subject to this Order. This Order shall also apply to any photocopy, duplicate, computer file or printout, compilation, synopsis, summary, quotation, digest or notes (or any portion thereof) that includes Confidential Information. This Order is subject to the Local Rules of this Court and the Federal Rules of Civil Procedure on matters of procedure and calculation of time periods.

2. **Form of Designation.** A party may designate documents as confidential and restricted in disclosure under this Order by placing or affixing the words "CONFIDENTIAL" on the document in a manner that will not interfere with the legibility of the document.

3. **Timing of Designation.** Documents shall be designated CONFIDENTIAL prior to, or at the time of, the production or disclosure of the documents. Failure to designate documents as CONFIDENTIAL at or before the time of production shall not preclude the disclosing individual or entity from thereafter, but no more than fifteen (15) business days after production, in good faith making such a designation and requesting the receiving party to so mark and treat such documents or other media so designated from the time of such designation forward. After such designation, such documents or other media shall be fully subject to this Order. No individual or entity shall incur liability for disclosures made prior to notice of such designation.

4. **Documents Which May be Designated CONFIDENTIAL.** Any party may designate documents as CONFIDENTIAL upon making a good faith determination that the documents contain information protected from disclosure by statute or that should be protected from disclosure as confidential personal information; medical or psychiatric information; trade secrets; personnel records; financial information; or such other sensitive commercial information that is not publicly available. Public records and other information or documents that are publicly available may not be designated as CONFIDENTIAL.

5. **Depositions.** Designated portions of deposition testimony shall be considered CONFIDENTIAL by a statement on the deposition record or by a written statement furnished to the opposing counsel of record and the official court reporter within ten (10) business days of such testimony. Such designation shall be specific as to the portions of the transcript or any

exhibit to be designated as CONFIDENTIAL. Thereafter, the deposition transcripts and any of those portions so designated shall be protected as CONFIDENTIAL, pending objection, under the terms of this Order.

**6. Use and Disclosure of Confidential Material.**

    **(a) General Protections.** Documents designated CONFIDENTIAL under this Order shall not be used or disclosed by the Parties, counsel for the Parties or any other persons identified in Paragraph 6(b) for any purpose whatsoever other than to prepare for and to conduct discovery and trial in this action, including any appeal thereof.

    **(b) Limited Third-Party Disclosures.** The Parties and counsel for the Parties shall not disclose or permit the disclosure of any CONFIDENTIAL documents to any third person or entity except as set forth in subparagraphs (1)-(6) of this section. Subject to these requirements, the following categories of persons may be allowed to review documents that have been designated CONFIDENTIAL:

        **(1) Counsel.** Counsel for the Parties and employees and agents of counsel who have responsibility for the preparation and trial of the action;

        **(2) Parties.** Parties and employees of a party to this Order;[1]

        **(3) Court Reporters and Recorders.** Court reporters and recorders engaged for depositions;

        **(4) Consultants, Investigators, Lay Witnesses, and Experts.** Consultants, investigators, or experts (hereinafter referred to collectively as

---

[1] **NOTE:** If the CONFIDENTIAL documents contain highly sensitive trade secrets or other highly sensitive competitive or confidential information and disclosure to another party would result in demonstrable harm to the disclosing party, then the Parties may stipulate or move for the establishment of an additional category of protection that prohibits disclosure of such document or information to category (2) or that limits disclosure only to specifically designated in-house counsel or party representative(s) whose assistance is reasonably necessary to the conduct of litigation and who agree to be bound by the terms of the order.

"experts") employed by the Parties or counsel for the Parties to assist in the preparation and trial of this action or proceeding or such persons whom counsel for a Party has identified in writing to opposing counsel in good faith as a potential witness in this action, but only after such persons have completed the certification contained in Attachment A, Acknowledgment and Agreement to Be Bound, a copy of which shall be served upon all parties;

**(5)** **This Honorable Court, Court personnel and the Clerk of Courts**; and

**(6)** **Others by Consent.** Other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered. All such persons shall execute the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound, a copy of which shall be served upon all parties.

**(c)** **Inadvertent Disclosure.** Inadvertent disclosure of any document or information designated as CONFIDENTIAL shall not be deemed a waiver in whole or in part of a party's claim of confidentiality. Upon discovery of the inadvertent or unintentional disclosure of Confidential Information, counsel for the Parties shall cooperate to restore the confidentiality of the information.

**7.** **Filing of CONFIDENTIAL Documents Under Seal.** To the extent that a brief, memorandum, pleading or other document filed with the Court references any document marked as CONFIDENTIAL, the document shall be filed under seal only for good cause shown. Unless otherwise agreed in writing by counsel for the parties, in the event a party wishes to file with the Court for any purpose any of the discovery provided pursuant to this Protective Order, and/or the

data and information contained therein, and if time permits, the parties, through counsel, will discuss the confidential information and documents they intend to file in order to determine if a compromise can be reached in whole or in part to allow for filing not under seal. If the matter is not resolved as set forth above, the party intending to file any protected confidential document or information shall first file a motion seeking the Court's permission to file the document or information under seal. This Protective Order does not authorize filing protected materials under seal. According to the authority of *Procter & Gamble Co. v. Bankers Trust Co.*, 78 F.3d 219 (6th Cir. 1996), no document may be filed with the Court under seal without prior permission as to each such filing, upon motion and for good cause shown, including the legal basis for filing under seal. Unless the Court orders otherwise, all sealed documents shall be filed according to Local Rule 5.2.1.

    **8.**    **Challenges by a Party to Designation of Documents as Confidential.** Any CONFIDENTIAL designation is subject to challenge by any party. Before filing any motions or objections to a confidentiality designation with the Court, the objecting party must meet and confer in a good faith effort to resolve the objection by agreement. If agreement is reached confirming or waiving the CONFIDENTIAL designation, the designating party shall serve on all Parties a notice specifying the documents and the nature of the agreement. In the event the dispute cannot be resolved in this manner, the matter shall be submitted to the Court, by motion, for a prompt resolution (which may, by agreement of the Parties, be done through an oral hearing or telephonic conference with the Court). Pending such resolution by the Court, the information in question shall continue to be treated as CONFIDENTIAL in accordance with the provisions of this Order.

    **9.**    **Use of Confidential Documents or Information at Trial.** If a party intends to

present at trial CONFIDENTIAL documents or information derived therefrom, such party shall provide advance notice to the other party at least five (5) days before the commencement of trial by identifying the documents or information at issue as specifically as possible (i.e., by Bates number, page range, deposition transcript lines, etc.) without divulging the actual CONFIDENTIAL documents or information. The Court may thereafter make such orders as are necessary to govern the use of such documents or information at trial.

**10. Obligations on Conclusion of Litigation.**

**(a) Order Remains in Effect.** Unless otherwise agreed or ordered, this Order shall remain in force after dismissal or entry of a final judgment that is not subject to further appeal. All persons receiving documents designated as CONFIDENTIAL - pursuant to this Order shall continue at all times hereafter to treat such information in strict accordance with this Order. All persons or entities to whom/which documents designated as CONFIDENTIAL are disclosed agree to the jurisdiction of this Court for the purpose of proceedings relating to the performance under, compliance with, or violation of this Order.

**(b) Return of CONFIDENTIAL Documents.** Within thirty (30) days after dismissal or entry of a final judgment that is not subject to further appeal, all documents designated as CONFIDENTIAL under this Order, including any copies thereof, shall be returned to the producing party unless: (1) the document has been offered into evidence or filed without restriction as to disclosure; (2) the Parties agree to destruction in lieu of return, with certification to the producing party that the documents have been destroyed; or (3) as to documents bearing the notations, summations, or other mental impressions of the receiving party, that party elects to destroy the documents in lieu of return and

certifies to the producing party that it has done so.

**(c)** **Return of Documents Filed under Seal.** After dismissal or entry of a final judgment that is not subject to further appeal, the Clerk may elect to return to counsel for the Parties or, after notice, destroy documents filed or offered at trial under seal or otherwise restricted by the Court as to disclosure.

**11.** **Order Subject to Modification.** This Order shall be subject to modification by the Court on its own motion or on motion of a party. Motions to modify this Order shall be served and filed in accordance with this Court's Local Rules and the Federal Rules of Civil Procedure.

**12.** **No Prior Judicial Determination.** This Order is entered based on the representations and agreements of the Parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any documents or information designated CONFIDENTIAL by counsel or the Parties is subject to protection under Rule 26(c) of the Federal Rules of Civil Procedure, or otherwise, until such time as the Court may rule on a specific document or issue.

**13.** **Persons Bound.** This Order shall take effect when entered and shall be binding upon all counsel and their law firms, the Parties, and persons made subject to this Order by its terms.

IT IS SO ORDERED.

Date: July 7, 2017  /s/ Kimberly A. Jolson
KIMBERLY A. JOLSON
UNITED STATES MAGISTRATE JUDGE

Respectfully submitted,

| | |
|---|---|
| */s/ Peter G. Friedmann (Per Email Consent)* <br> Peter G. Friedmann (0089293) <br> Rachel A. Sabo (0089226) <br> The Friedmann Firm LLC <br> 1457 S. High Street <br> Columbus, OH 43207 <br> 614.610.9756 – Telephone <br> 614.737.9812 – Facsimile <br> Pete@thefriedmannfirm.com <br> Rachel@thefriedmannfirm.com <br><br> *Attorneys for Plaintiff* | */s/ (Kathryn) Ellen Toth* <br> (Kathryn) Ellen Toth (0056176) <br> Corey N. Thrush (0085985) <br> Ogletree, Deakins, Nash, <br> Smoak & Stewart, P.C. <br> 127 Public Square <br> 4100 Key Tower <br> Cleveland, OH 44114 <br> 216.241.6100 - Telephone <br> 216.357.4733 – Facsimile <br> ellen.toth@ogletree.com <br> corey.thrush@ogletree.com <br><br> *Attorneys for Defendant* |

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 6, 2017, a copy of the foregoing was electronically filed with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

*/s/ (Kathryn) Ellen Toth*
*One of the Attorneys for Defendant*